<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AUGUSTIN GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 14-6441 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

**I.     INTRODUCTION**

Before the Court is an appeal filed by Augustin Gonzalez seeking review of the Administrative Law Judge's decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act ("SSA"), respectively. This motion has been decided upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78(b). The Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reason set forth herein, the Court VACATES the ALJ's decision and REMANDS for further administrative proceedings consistent with this Opinion.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

On November 16, 2010, Plaintiff filed a Title II claim for DIB and a Title XVI application for SSI claiming disability as of December 8, 2008, based on his depression, hepatitis, lumbar

discogenic disease, diabetes, and obesity. (D.E. No. 5-2, Administrative Record ("Tr.") at 25, 27). The claim was initially denied on February 25, 2011, and denied again upon reconsideration on October 13, 2011. (*Id.* at 21). Following the first two denials, Plaintiff requested a hearing before an ALJ for *de novo* review. (*Id.*). His case was heard before ALJ Richard L. De Steno on November 20, 2012. (*Id.*).

Following the negative determination, Plaintiff filed a timely appeal of the decision to the Appeals Council, which denied the request for review on August 25, 2014. (*Id.* at 4). Plaintiff made a timely appeal of the Appeals Council's opinion on October 17, 2014, filing his Complaint with this Court. (D.E. No. 1). Defendant filed an answer on December 9, 2014. (D.E. No. 4). Plaintiff filed a moving brief on March 23, 2015. (*See* D.E. No. 13, Memorandum of Law on Behalf of the Plaintiff ("Pl. Mov. Br.")). Defendant filed a brief in opposition on March 23, 2015. (D.E. No. 14, Defendant's Brief Pursuant to Local Civil Rule 9.1 ("Def. Opp. Br.")). Plaintiff submitted a Reply Brief on March 30, 2015. (D.E. No. 15, Plaintiff's Reply Brief ("Pl. Rep. Br.")). The case is ripe for determination.

### III.  LEGAL STANDARD

#### A. Standard of Awarding Benefits

Pursuant to the SSA, to receive DIB or SSI under Titles II and XVI, a plaintiff must show that he is disabled as defined by the Act. *See* 42 U.S.C. §§ 423 (Title II), 1382 (Title XVI). Additionally, claimants seeking DIB must satisfy the insured status requirements set forth in 42 U.S.C. § 423(c), while those seeking SSI must fall within the income and resource limits set forth in 42 U.S.C. §§ 1382a and 1382b.

An individual is deemed disabled by demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) (regarding DIB), 1382c(a)(3)(A) (regarding SSI). Thus, the plaintiff's physical or mental impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Impairments that affect a plaintiff's "ability to meet the strength demands of jobs" with respect to "sitting, standing, walking, lifting, carrying, pushing, and pulling" are considered exertional limitations. 20 C.F.R. § 404.1569a; *see also Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). All other impairments are considered non-exertional. *Id*. Decisions regarding disability are made individually based on evidence produced at a hearing. *Id.* at 262 (citing *Heckler v. Campbell,* 461 U.S. 458, 467 (1983)). Congress has defined a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The SSA proscribes a five-step sequential evaluation to determine whether a plaintiff is disabled. 20 C.F.R. § 416.920. The evaluation will continue through each step unless it can be determined at any point that the plaintiff is, or is not, disabled. 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof for the first four steps of the analysis. *Poulous v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007). The burden shifts to the Commissioner for the fifth step. *Id.*

At step one, the plaintiff's work activity is assessed, and he must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). A plaintiff is engaging in substantial gainful activity if he is doing significant physical or mental activities that are usually

3

done for pay or profit.  20 C.F.R. §§ 416.972(a), (b).  If the plaintiff is engaged in substantial gainful activity, he will be found not disabled and the analysis will stop, regardless of the plaintiff's medical condition, age, education, or work experience.  20 C.F.R. § 416.920(b).  If the plaintiff is not engaging in substantial gainful activity, the analysis proceeds to the second step.

At step two, the plaintiff must show that he has a medically determinable "severe" impairment or a combination of impairments that is "severe."  20 C.F.R. § 416.920(a)(4)(ii).  An impairment is severe when it significantly limits a plaintiff's physical or mental ability to perform basic work activities.  20 C.F.R. § 416.920(c).  An impairment is not severe when medical evidence shows only a slight abnormality or minimal effect on an individual's ability to work.  *See Leonardo v. Comm'r of Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. Nov. 16, 2010) (citation omitted).  If a plaintiff does not have a medically determinable severe impairment, he is not disabled.  20 C.F.R. §§ 416.920(a)(4)(ii), (c).  If the plaintiff has a severe impairment, the analysis proceeds to the third step.

At step three, the ALJ must determine, based on the medical evidence, whether the plaintiff's impairment matches or is equivalent to an impairment listed in the Social Security Regulations' "Listings of Impairments" found in 20 C.F.R. § 404, Subpart P, Appendix 1.[1]  *See* 20 C.F.R. § 416.920(a)(4)(iii).  As the Third Circuit made clear in *Burnett v. Commissioner of Social Security*, an ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits."  220 F.3d 112, 120 n.2 (3d Cir. 2000) (internal quotation marks omitted); *see also id.* at 119 (explaining that an ALJ must set forth the reasons for his decision.").  An ALJ must "fully develop the record and explain his findings at step three."  *Id.* at 120.

---

[1] This listing of impairments in Appendix 1 "describes, for each of the major body systems, impairments that [are] severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. § 404.1525(a).

Furthermore, "[t]here is no way to review the ALJ's decision [where] no reasons were given for [the ALJ's] conclusion that [the claimant's] impairments in combination did not meet or equal an Appendix 1 listing." *Torres v. Comm'r of Soc. Sec.*, 279 F. App'x 149, 152 (3d Cir. 2008).

When the plaintiff does not suffer from a listed impairment or an equivalent, the analysis proceeds to step four. At step four, the ALJ must determine whether the plaintiff's residual functional capacity ("RFC") enables him to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). This step involves three sub-steps: (1) the ALJ must make specific findings of facts as to the plaintiff's RFC; (2) the ALJ must make findings regarding the physical and mental demands of the plaintiff's past relevant work; and (3) the ALJ must compare the RFC to the past relevant work to determine whether the plaintiff has the capability to perform the past relevant work. *Burnett,* 220 F.3d at 120. The SSA classifies RFC and past work by physical exertion requirements ranging from "sedentary" to "very heavy" work. *See id.*; 20 C.F.R. § 404.1567. If the plaintiff can perform his past work, the ALJ will find that he is not disabled. 20 C.F.R. § 416.920(f). If the plaintiff lacks the RFC to perform any work he has done in the past, the analysis proceeds to the fifth and last step.

At step five, the Commissioner must show that, based on the plaintiff's RFC and other vocational factors, there is a significant amount of other work in the national economy that the plaintiff can perform. 20 C.F.R. § 416.920(a)(4)(v). During this final step, the burden lies with the government to show that the plaintiff is not disabled by demonstrating that there is other substantial, gainful work that the plaintiff could perform, given her age, education, work experience, and RFC. *See Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Cir. 2005); *Sykes,* 228 F.3d at 263. If the Commissioner cannot show that there are other jobs for the plaintiff in the national economy, then the plaintiff is disabled. 20 C.F.R. § 416.920(g)(1).

### B. Standard of Review

District court review of the Commissioner's final decision is limited to ascertaining whether the decision is supported by substantial evidence. 42 U.S.C. §§ 405(g) and 1383(c)(3); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence is more than a "mere scintilla" of evidence. It "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the Commissioner's determination is supported by substantial evidence, the Court may not set aside the decision, even if the Court "would have decided the factual inquiry differently." *Fargnoli v. Masanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft*, 181 F.3d at 360). Thus, this Court is limited in its review in that it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

### IV. ALJ De Steno's Decision

ALJ De Steno found Gonzalez not disabled under the Social Security Act. (Tr. at 30). He arrived at this conclusion after conducting the five-step evaluation process required by 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). (*Id.* at 23-26).

At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of December 8, 2008. (*Id.* at 23). At step two, the ALJ determined that Plaintiff suffered from severe impairments involving diabetes and obesity. (*Id.*). The ALJ observed that these impairments caused significant limitations in Plaintiff's ability to perform one or more basic work activities. (*Id.*). Further, the ALJ noted the existence of depression, lumbar discogenic disease, and hepatitis C in Plaintiff's medical records, but found these impairments to be non-severe. (*Id.* at 24).

At step three, the ALJ concluded that Gonzalez did not have an impairment or combination of impairments that met or medically equaled any of the Listings. (*Id*. at 25-26). As to Gonzalez's physical impairments, the ALJ addressed Listing 9.00 (diabetes), and found that Plaintiff failed to meet the criteria for this Listing. (*Id.*). The ALJ also considered Plaintiff's obesity in accordance with Social Security Ruling 02-1p.

At step four, the ALJ determined Gonzalez's RFC. The ALJ found that Gonzalez had the RFC for:

> lifting and carrying objects weighing up to 50 pounds; frequently lifting and carrying objects weighing up to 25 pounds; standing, walking, and sitting up to six hours in an eight-hour day; pushing and pulling arm and leg controls; and the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). The claimant has not had any external limitations.

(*Id.* at 26). In making this determination, the ALJ indicated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (*Id.*). The ALJ noted that Plaintiff's impairments could reasonably be expected to cause some limited degree of his alleged symptoms, but found that Gonzalez's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible, as they were inconsistent with the RFC assessment. (Tr. at 28). Based on this RFC, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 29).[2]

At step five, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff could perform. (*Id.*). Based upon his analysis of the entire record, the ALJ determined that Plaintiff had a RFC for the full range of medium work, and considering his age,

---

[2] Gonzalez's past relevant work was as a general laborer, where he lifted and carried 100-150 pounds. (*Id.*).

7

education, and work experience, concluded that Gonzalez was not "disabled" under sections 216(i) and 223(d) of the Social Security Act. (*Id.* at 30).

## V. DISCUSSION

On appeal, Plaintiff argues that ALJ De Steno's decision is not supported by substantial evidence because (1) the ALJ relied upon evidence that was not in the record at the time of the hearing, (Pl. Mov. Br. at 10); (2) the ALJ improperly rejected the evidence of consultative psychologist Dr. Kim Arrington, (*id.* at 12); (3) the ALJ did not accord proper weight to the treating physician, (*id.* at 13); and (4) new and material evidence warrants a remand, (*id.* at 15). The Court addresses each of Plaintiff's arguments below.

### A. The ALJ's Consideration of Evidence in the Supplemental Transcript

First, Plaintiff argues that the ALJ committed reversible error by relying on evidence from the state agency psychologist that was allegedly not present in the record before the ALJ at the time of the hearing. (*Id.* at 10). Plaintiff alleges this was a violation of 42 U.S.C. § 405(b)(1).

Section 405(b)(1) requires that an ALJ's decision must be made "on the basis of evidence adduced at the hearing." Pursuant to § 405(b)(1), the ALJ may consider evidence received after the initial oral hearing, but before the rendering of a final decision. *Wallace v. Bowen*, 869 F.2d 187, 193 (3d Cir. 1989). In such cases, however, "the ALJ must afford the claimant not only an opportunity to comment and present evidence but also an opportunity to cross-examine the authors of any post-hearing reports when such cross-examination is necessary to the full presentation of the case, and must reopen the hearing for that purpose if requested." *Id.*

Here, the Disability Determination Explanation forms ("DDE forms") completed by the State Agency psychologist were omitted from the certified transcript that was submitted to this Court on November 25, 2014, and were submitted as a supplemental transcript on December 19,

2014. (D.E. No. 8, Supplemental Transcript ("Supp. Tr.")). As Plaintiff points out in his reply brief, (D.E. No. 15), these DDE forms were not marked as exhibits or otherwise provided with official identifiers such as those provided to each item of evidence in the initial administrative transcript.[3] Indeed, while the ALJ's administrative opinion generally cites to evidence in the record by reference to an exhibit number, (*see, e.g.*, Tr. at 24, 25, 27), the ALJ cites evidence in the supplemental transcript only by name or description of the document in question, (*see* Tr. at 25). Taken together, this suggests to the Court that the DDE forms were not formally introduced into the administrative record by the time of the oral hearing held before the ALJ on November 20, 2012.

As such, in order to consider the DDE forms, the ALJ was required to afford Plaintiff an additional "opportunity to comment" on the post-hearing evidence, and "to cross-examine the authors of any post-hearing reports when such cross-examination is necessary to the full presentation of the case, and [the ALJ] must reopen the hearing for that purpose if requested." *See Wallace*, 869 F.2d at 193. While it may be the case that the findings contained in the DDE forms nevertheless support the ALJ's ultimate conclusion of non-disability, Plaintiff was not afforded an opportunity to make his case to the contrary. Accordingly, the Court will remand the case back to the ALJ to afford Plaintiff an opportunity to challenge the contents of the DDE forms.[4]

---

[3] For example, each item of evidence included in the initial administrative transcript is labelled Exhibit Number 1A through 10F. (See D.E. No. 5-1, Court Transcript Index). No such label is provided for individual items of evidence in the supplemental administrative transcript. (*See* D.E. No. 8-1. Supplemental Court Transcript Index).

[4] The Court notes that the late submission and absence of exhibit numbers on the DDE forms could also be due to clerical errors on the part of Defendant in compiling the record. If this is the case, on remand, the ALJ is instructed to show that the DDE forms were in fact part of the administrative record at the time of the November 20, 2012 oral hearing.

**B. Whether the ALJ Properly Weighed the Consultative Psychologist's Opinion**

Plaintiff next argues that the ALJ erred by failing to credit the opinion of the Social Security consultative psychologist Dr. Kim Arrington, who gave Plaintiff a Global Assessment of Function ("GAF") score of forty-five.[5]  (Pl. Mov. Br. at 12).

As courts in this circuit have noted, a one-time GAF score does not represent a disability or an inability to work. *See, e.g.*, *Gilroy v. Astrue*, 351 F. App'x, 714, 716 (3d Cir. 2009) (finding that one-time GAF score of forty-five does not require finding of disability); *Ortiz v. Astrue*, No. 10-03538, 2011 WL 5190450, at *15 (D.N.J. Oct. 28, 2011) (holding that "forty-five to fifty GAF score is not determinative of whether [the claimant] is disabled").  Further, an ALJ may reject subjective complaints where he "consider[s] the subjective pain and specif[ies] his reasons for rejecting these claims and support[s] his conclusion with medical evidence in the record." *Matullo v. Bowen*, 926 F.2d 240, 245 (3d Cir. 1990).

Here, the ALJ rejected Dr. Arrington's opinion, stating it was "based entirely on subjective complaints" which were not supported by other evidence in the record.  (Tr. at 25).  For example, Plaintiff reported to Dr. Arrington that he had been experiencing depression and anxiety-related symptoms for the past year.  (*Id.* at 280).  However, the record shows that Plaintiff first reported symptoms of depression to a treating physician, Dr. Ortiz, on October 4, 2010.  (*Id.* at 181).  Moreover, on Gonzalez's follow up appointment on November 15, 2010, Gonzalez reported that

---

[5] A GAF score is a "numerical summary of a clinician's judgment of the individual's overall level of functioning, taking into account social, psychological, and occupational functioning." *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 2000).  A GAF score of forty-one to fifty indicates that in the opinion of the evaluator the patient has: Serious symptoms (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (*e.g.*, no friends, unable to keep a job). *Id.*

his medication was helping with the depression, and Dr. Ortiz noted that Gonzalez was alert and oriented, and reported no finding of depression or anxiety.  (*Id.* at 179).

In addition, a District Office Representative noted in the Field Office Disability Report that Plaintiff had no limitations in understanding, concentrating, and coherency during a December 2, 2010 interview.  (*Id.* at 129).  As previously stated, the ALJ is only to afford controlling weight to a physician's opinion when the medical evidence is not inconsistent with other substantial evidence in the record.  *See Griffies v. Astrue*, 855 F.Supp. 2d 257, 270 (D. Del. 2012).  In this instance, a one-time GAF score provided by a non-examining physician cannot outweigh the substantial inconsistent evidence in Plaintiff's medical records during the pertinent time period.  *See Gilroy*, 351 F. App'x, at 716.  Based on the above analysis, the Court finds that the ALJ's decision to afford little weight to Dr. Arrington's GAF score was supported by substantial evidence.

**C.  Whether the ALJ Gave Appropriate Deference to the Treating Physician's Opinion**

Plaintiff also argues that the ALJ improperly rejected the opinion of Plaintiff's treating physician, Dr. Montilus, with respect to Plaintiff's lower back pain and psychiatric disorders.  (Pl. Mov. Br. at 13-14).  An ALJ is to afford binding weight to a plaintiff's treating physician's opinion only when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [the opinions are] not inconsistent with . . . other substantial evidence."  *Griffies*, 855 F.Supp. 2d at 270 (quoting *Fargnoli*, 247 F.3d at 41).  The more a medical source presents relevant evidence to support an opinion, the more weight that opinion will be afforded.  20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3).  In contrast, form reports in which a physician's only obligation is to check a box or fill in a blank are weak evidence at best.  *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993).

11

Here, Dr. Montilus stated that Gonzalez was limited to lifting and carrying less than ten pounds frequently, ten pounds occasionally, and twenty pounds rarely; sitting for thirty minutes at a time; and standing ten minutes at a time. Dr. Montilus also opined that claimant was unsuitable for any structured work environment. (Tr. at 451-55). The ALJ did not accord significant weight to Dr. Montilus's assessment, stating "it is a scratch sheet of no probative evidentiary value and its assertion of extreme functional limitations is not explained by reference to objective medical evidence." (*Id.* at 29). Further, the ALJ found that Dr. Montilus's RFC was inconsistent with the medical evidence. (*Id.* at 24). The ALJ noted that:

> While a February 2011 consultative examination revealed a decreased range of motion upon forward flexion of the lumbar spine, secondary to body habitus, he had no other physical limitations that would preclude work related activity. He walked with a normal unassisted gait and he had a full range of motion in the bilateral upper extremities and bilateral lower extremities . . . consequently records . . . indicated that a musculoskeletal examination was normal on repeat examination.

(*Id.* at 24). Accordingly, Dr. Montilus's opinion was appropriately afforded less weight under 20 C.F.R. § 416.927. *See Mason*, 994 F.2d at 1065. Thus, the ALJ properly rejected Dr. Montilus's opinion.

### D. Whether the ALJ Should Consider Plaintiff's Additional Evidence

Finally, Plaintiff argues that this case must be remanded under 42 U.S.C. § 405(g) to consider psychiatric reports which Plaintiff submitted after the ALJ had rendered his administrative decision. (Pl. Mov. Br. at 15). A district court may remand the case specifically to consider new and material evidence when it is supported by a demonstration of good cause for not having submitted the evidence before the ALJ's decision. *See Matthews v. Apfel*, 239 F.3d 589, 591-93 (3d Cir. 2001). As the Third Circuit has explained,

> [Section] 405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the

>record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or the subsequent deterioration of the previously non-disabling condition. Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

*Szubak v. Sec'y of HHS*, 745 F.2d 831, 833 (3d Cir. 1984). Evidence is "new" only when it was "not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990); *see also Rodriguez v. Astrue*, No. 12-5573, 2013 WL 1908895, at *5 (E.D. Pa. Apr. 17, 2013) *report and recommendation adopted*, No. 12-5573, 2013 WL 1908983 (E.D. Pa. May 8, 2013) ("If new evidence was available at the time of the ALJ's proceeding, remand is unavailable because it encourages disability claimants to present all relevant evidence at the initial hearing.").

Evidence is "material" when there is a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination." *Szubak*, 745 F.2d at 833. Moreover, the good cause requirement comports with notions of public policy by preventing a claimant from "withhold[ing] medical reports, or refrain[ing] from introducing all relevant evidence, with the idea of obtaining another bite of the apple if the Secretary decides that the claimant is not disabled." *Id.* (internal quotation marks omitted).

After the December 2012 administrative decision had been rendered, Plaintiff submitted a series of medical reports dated July 24, 2012 through November 20, 2012, which indicated that Plaintiff was under psychiatric treatment at the University Hospital Mental Health Clinic at the time Plaintiff's disability application was being considered, and provided additional evidence of Plaintiff's mental impairments. (*See* D.E. No. 13-1). However, the records clearly indicate that they were created prior to the ALJ's December 2012 decision. (*See id.*). Although Plaintiff argues

13

that he was unable to present the ALJ with the reports because "he was under active psychiatric treatment at the University Hospital Mental Health Clinic at the time of the administrative hearing," Plaintiff also indicates that he was represented at the hearing and provides no reason why the evidence was "unavailable" to his representative at that time. (*See* Pl. Mov. Br. at 15). Plaintiff thus fails to sufficiently show that the evidence was "new" or that it was unavailable at the time of the administrative hearing. *Sullivan*, 496 U.S. at 626. Accordingly, on remand the ALJ need not consider this additional evidence presented by Plaintiff.

## V.     CONCLUSION

For the foregoing reasons, the Court remands the case to ALJ De Steno for further consideration consistent with this Opinion. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**